

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re | ) |
| | ) **JUDGE RICHARD L. SPEER** |
| Ethel R. Lover | ) |
| | ) Case No. 04-3418 |
| Debtor(s) | ) |
| | ) (Related Case: 03-35971) |
| Ethel R. Lover | ) |
| | ) |
| Plaintiff(s) | ) |
| | ) |
| v. | ) |
| | ) |
| Rossman and Company | ) |
| | ) |
| Defendant(s) | ) |

## MEMORANDUM OPINION AND DECISION

This case comes before this Court upon the Plaintiff's Complaint/Motion for Injunctive Relief and Punitive damages. After filing a timely response to this action, the Defendant, Rossman & Co., a.k.a. PCB, filed a Motion for Summary Judgment as to all claims. For the reasons set forth below, this Court hereby grants Defendant's motion.

## FACTS

The Plaintiff, Ethel Lover, filed a bankruptcy petition before this Court on July 30, 2003. In her petition, the Plaintiff listed the Defendant, doing business as PCB, as an unsecured creditor, to whom she owed the amount of $171.00. Plaintiff was granted a bankruptcy discharge pursuant to 11 U.S.C. § 727 in December of 2003.

Ethel R. Lover v. Rossman and Company
Case No. 04-3418

After the entry of her discharge, the Plaintiff attempted to procure financing for the purpose of purchasing a home, but was denied, apparently because the debt owed to the Defendant was still being reported. Plaintiff then filed this action, in which she alleges that the Defendant violated the bankruptcy discharge injunction of 11 U.S.C. § 524 by allowing the continued reporting of this prepetition debt, and that as a result, she suffered damages due to her inability to obtain financing.

The Defendant timely responded to this action, and thereafter filed the instant Motion for Summary Judgment. In support of its motion, Defendant submitted an affidavit accompanied by two exhibits which showed that, as it concerned three major credit-reporting agencies, it had requested that its account with the Plaintiff be deleted. These exhibits show that the request for deletion was made in October of 2003, well before the bankruptcy discharge was issued. The affidavit further certified that the three reporting agencies in question were the only three agencies to which Defendant had reported Plaintiff's obligation.

## DISCUSSION

Section 524 of the Bankruptcy Code operates as an injunction against "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . ." 11 U.S.C. § 524(a)(2). In the case at bar, the Plaintiff alleges this provision was violated through Defendant's continued reporting of the outstanding debt to at least one, if not various, credit reporting agencies. Properly taken, the Court understands this to mean that Defendant's continued reporting of the prepetition debt was an "action" or "act" to collect or recover a debt as proscribed by 524(a)(2). As a result of this alleged violation, the Plaintiff asks this Court for relief in the form of "punitive damages, legal fees, and any other remedy that this Court finds appropriate." (Doc. 1, pg. 2).

Page 2

**Ethel R. Lover v. Rossman and Company**
**Case No. 04-3418**

The Sixth Circuit Court of Appeals has held that no private right of action exists under § 524 for a violation of the discharge injunction. *Pertuso v. Ford Motor Co.*, 233 F.3d 417 (6th Cir. 2000). Rather, a violation of the discharge injunction of 11 U.S.C. 524(a)(2) may warrant the imposition of sanctions for civil contempt. *In re Andrus*, 184 B.R. 311 (Bankr. E.D. Ill. 1995). In order for sanctions, however, to be imposed, "the court must find that the offending party knowingly violated a definite and specific court order." *Id.* The movant, here the Debtor, bears the burden to "prove by clear and convincing evidence" that the violation has occurred. *Id.* Under this legal framework, the Court now turns to address Defendant's Motion for Summary Judgment.

Rule 56(c), of the Federal Rules of Civil Procedure, requires that summary judgment be rendered if "the pleadings, depositions . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the burden of showing the absence of a disputed material fact. When considering a motion for summary judgment, it is also necessary that "the evidence must be viewed in a light most favorable to the party opposing the motion." *Lucas v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers*, 741 F.Supp. 136, 138 (N.D. Ohio 1989).

Any party may file a motion for summary judgment. And in the situation where the movant does not bear the ultimate burden of proof, such as in the case at bar, the moving party may satisfy its burden by showing that the record lacks substantial evidence supporting the nonmoving party's claim. *See Celotex Corp. v. Cattret*, 477 U.S. 317, 324-326. Once this requirement is met, the burden shifts to the nonmoving party, with Rule 56(e) stating:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing

Page 3

Ethel R. Lover v. Rossman and Company
Case No. 04-3418

> that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

For this purpose, "the mere existence of a scintilla of evidence in support of the plaintiff's [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff [non-moving party]." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).

In the present case, Defendant filed an affidavit in conjunction with its Motion for Summary Judgment in which it stated that it had requested that all credit reporting agencies, to which it had furnished information regarding Plaintiff, delete those accounts. Moreover, the affidavit asserts that this request was made prior to the entry of the Plaintiff's bankruptcy discharge. In making these statements, the Defendant has thus asserted facts which show, if true, the nonexistence of all the essential elements of Plaintiff's action; namely that it, without knowledge that it was violating this Court's order of discharge, undertook an action or act to collect a debt against the Plaintiff as a personal liability. Therefore, without a response being filed by the Plaintiff, – whom now carries the burden to "set forth specific facts showing that there is a genuine issue for trial" – the Court must find for the Defendant. FED. R. CIV. PRO. 56(e).

However, even assuming that a response had been filed, and while not actually ruling on the matter in this particular case, the Court, for those reasons more fully explained in *Dale/Brenda Irby v. Fashion Bug, et al.*, Case No. 04-3430, questions whether the Plaintiff's action was viable from a legal standpoint.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits, and arguments of counsel, regardless of whether they are specifically referred to in this Opinion.

Page 4

Ethel R. Lover v. Rossman and Company
Case No. 04-3418

Accordingly, it is

**ORDERED** that the Motion of the Defendant, Rossman and Co., a.k.a. PCB, for Summary Judgment be, and is hereby, GRANTED; and that this adversary case, be, and is hereby, DISMISSED.

Dated: 9/29/05

Richard L. Speer
United States
Bankruptcy Judge

Page 5

# *CERTIFICATE OF SERVICE*

Copies were mailed this 29th day of September, 2005, to the following parties:

Ethel R Lover
233 Doerzbach Ave
Sandusky, OH 44870-5411

Donald R. Harris
158 E. Market St.
#302b
Sandusky, OH 44870

Rossman and Company
3592 Corporate Dr
#10
Columbus, OH 43231

Jeffrey C Turner
40 N. Main St.
#1610
Dayton, OH 45423

Office of the U.S. Trustee
U.S. Courthouse
201 Superior Ave, East
#441
Cleveland, OH 44114

/s/ Robert C.W. Birmingham

Deputy Clerk, U.S. Bankruptcy Court